**In re J. BERNHEIM COMPANY, Jointly administered with J. Bernheim Contracting Co., Jabco Interiors, Debtors.**

**YOUNG ADJUSTMENT CO., Plaintiff,**

v.

**J. BERNHEIM CO., INC., Defendant.**

Bankruptcy No. 82–00731G.
Adv. No. 82–2213G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 30, 1983.

---

Stuart J. Agins, Malis, Tolson & Malis, Philadelphia, Pa., for plaintiff, Young Adjustment Co.

Erwin L. Pincus, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for debtor/defendant, J. Bernheim Co.

Fred Zimmerman, Pennsauken, N.J., trustee.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The plaintiff in this case is an insurance adjuster who entered into a pre-petition written contract with the debtor to adjust a burglary loss. The loss was settled after the debtor filed a petition for reorganization under chapter 11. Since the debtor received the proceeds of the settlement, the plaintiff seeks the 15% commission which the debtor had agreed to pay. We will find for the plaintiff.

The facts are as follows:[1] In October 1980, the debtor's place of business was burglarized. In November, 1980, the debtor entered into a written agreement whereby it engaged the services of the plaintiff to endeavor to adjust the debtor's losses. The said agreement provided, in part:

> To advise and assist in the adjustment of Insurance Claim (of the debtor) arising from the loss which occurred at 6040 Belfield Avenue, Phila., Pa. (as a result of a) burglary on the 24th day of October, 1980, and the assured agrees to pay said Young Adjustment Company for such services, a fee of fifteen percent (15%) of the amount paid or agreed to be paid by the Insurance Companies in settlement of the loss ... hereby assigning to the said Young Adjustment Company all monies due or to become due from the Insurance

Companies interest to the extent of said fee....

The plaintiff performed its services and settled the loss for $35,000.00, which amount was paid by the insurance company to the debtor, whose trustee has declined to pay the plaintiff's fee on the ground that it was a pre-petition debt, not entitled to priority. But the law is crystal clear that the plaintiff, as the assignee of the monies due from the insurance company, is entitled to payment of its fee:

> Fire insurance policies are frequent subjects of assignment, usually as security. Where a fire insurance policy has been so assigned by the debtor, prior to bankruptcy, the assignee will be entitled to the proceeds thereof to the extent of his claim, unless it can be shown by the trustee that the assignment is invalid or voidable. But it has been held that if the assignee of a policy as security does not have an insurable interest in the property covered, he is not entitled to priority of payment out of the proceeds.

Collier on Bankruptcy, 15th Ed. vol. 4 § 541.12.

When the debtor received the proceeds of its loss from the insurance company, the fund included the fee due the plaintiff which the debtor had, prior to the filing of the petition for relief, assigned to the plaintiff. That fund was not part of the debtor's estate. It belongs to the plaintiff, not the trustee.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).